AO 91 (Rev. 11/11) Criminal Complaint

| | | |
|---|---|---|
| AUSA: | DePorre | Telephone: (810) 766-5177 |
| Special Agent: | Thomas, FBI | Telephone: (810) 239-5775 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Antonio Louis Marks,

Case: 4:21−mj−30138
Assigned To: Unassigned
Date : 3/18/2021
CMP USA V MARKS (kcm)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 20, 2021 to March 17, 2021__ in the county of __Genesee__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 751(a) | Escape from federal custody |
| 21 U.S.C. § 841(a) | Possession with intent to distribute methamphetamine |

This criminal complaint is based on these facts:

I have probable cause to believe that on January 20, 2021, in the Eastern District of Michigan, Marks escaped from federal custody in violation of 18 U.S.C § 751(a) and that on March 17, 2021, in the Eastern District of Michigan, Marks, knowingly possessed with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841

☑ Continued on the attached sheet.

_____
Complainant's signature

Sean Thomas, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: March 18 2021

City and state: Flint, MI

_____
Judge's signature

Curtis Ivy, Jr., United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since July 2019. I am currently assigned to the FBI's Detroit Division Flint Resident Agency after serving one year with the FBI Boston Division's Criminal Unit. From August 2020 through November 2020, I participated in Operation Legend at the FBI Chicago Division's Violent Crime Unit. Prior to my employment with the FBI, I served as a Michigan State Trooper from 2012 until 2019, and was assigned to the Major Crime Unit and FBI Safe Streets Task Force, both in Flint, Michigan. In 2008, I was certified as a police officer for the City of Nashua, New Hampshire Police Department where I served as a uniform officer until June 2012. I have participated in numerous investigations involving violent crimes, firearms trafficking, and controlled substance trafficking.

2. I make this affidavit from personal knowledge based on my participation in this investigation, communications with others who have personal knowledge of the events and circumstances described herein, my review or reports and statements of the events described below, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

1

3.      Based on the facts set for in this affidavit, there is probable cause to believe that Antonio Louis Marks has committed violations of 18 U.S.C. § 751(a) (escape from federal custody) and 21 U.S.C. § 841(a) (possession with intent to distribute methamphetamine).

## PROBABLE CAUSE

4.      I am currently investigating Antonio Louis Marks, date of birth XX/XX/1994 for violations of 18 U.S.C. § 751(a) (escape from federal custody) and 21 U.S.C. § 841(a) (possession with intent to distribute methamphetamine).

5.      On February 8, 2017, United States District Judge Linda V. Parker sentenced Antonio Louis Marks to two concurrent 64-month terms of incarceration on his convictions for theft of firearms from a federally licensed firearms dealer (18 U.S.C. § 922(u) and for being a prohibited person in possession of firearms in violation of 18 U.S.C. § 922(g)(1), all in the United States District Court for the Eastern District of Michigan case number 4:16-cr-20372.

6.      On January 20, 2021, Marks was in the custody of the United States Bureau of Prisons (BOP) on the above-referenced sentence. Marks was designated to a residential reentry center and living at Bannum Place of Saginaw, a BOP contracted halfway house facility. That day, at approximately 2:50 p.m., Bannum Place staff completed a random headcount and noticed that Marks was not in the

facility. Bannum Place staff contacted Marks by phone and told him to return. Marks replied that he was not coming back. From January 20, 2021 to March 17, 2021, Marks did not return to Bannum Place or to any other BOP facility.

7. On March 17, 2021, uniform Michigan State Police troopers were patrolling the City of Flint, Michigan, and initiated a traffic stop on a vehicle for multiple traffic violations. After activation of the overhead emergency lights on the trooper's fully marked patrol car, the vehicle stopped. As a trooper approached the vehicle in attempt to make contact with the driver and passenger; the front passenger, later identified as Antonio Marks, moved his hands toward the glove box and appeared to grab an object. Marks then exited the front passenger door while carrying a dark-colored jacket, and Marks began fleeing, on foot, away from the uniformed trooper, despite the trooper's order for him to stop.

8. During an area canvass search of Marks, troopers were approached by a nearby resident advising that someone was hiding in a nearby garage on Waldman Avenue, Flint, Michigan. As troopers approached the garage, they observed Marks running away from the garage. They pursued Marks and took him into custody.

9. Troopers searched the garage and found a dark-colored jacket, which appeared to be the jacket that Marks carried as he fled from the traffic stop. Inside the jacket, troopers located a digital scale with an unknown residue, a quantity of

3

suspected methamphetamine, a white powdery substance suspected to be cocaine, and a cellular phone. I know that people engaged in the distribution of controlled substances commonly use digital scales to weigh the controlled substances that they distribute, and they commonly use cellular phones to contact their customers and suppliers.

10. Troopers conducted a field test on the methamphetamine, which tested positive for the presence of methamphetamine, a schedule II controlled substance. An additional field test was conducted on the suspected cocaine, which tested positive for the presence of cocaine, also a schedule II controlled substance. The suspected methamphetamine and the baggie containing it weighed approximately 64.3 grams; and the suspected cocaine and the baggie containing it weighed approximately 2.6 grams. Based on my training and experience I know that these amounts are consistent with distribution of the substances, and that possession of 64.3 grams of methamphetamine is inconsistent with personal use. Troopers also seized over $6,400 in cash from the driver of the stopped vehicle.

11. Based on the foregoing, I have probable cause to believe that on January 20, 2021, in the Eastern District of Michigan, Marks escaped from federal custody in violation of 18 U.S.C § 751(a) and that on March 17, 2021, in the Eastern District of Michigan, Marks, knowingly possessed with the intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841.

Dated March 18, 2021.

_____
Sean R. Thomas
Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence and/or by reliable electronic means on ____March 18, 2021_____.

_____
Hon. Curtis Ivy, Jr.,
United States Magistrate Judge

5